W. T. SHAVER, Appellant, v. CITY OF DES MOINES, and BOARD OF WATERWORKS TRUSTEES of said city, Appellees.

No. 44886.

NOVEMBER 14, 1939.

REHEARING DENIED MARCH 9, 1940.

A. D. Pugh, for appellant.

Fred T. Van Liew, B. J. Flick, Frank Davis, and Davis, McLaughlin & Hise, for appellees.

OLIVER, C. J.—In 1896, appellant received through the mail a certificate for 25 shares of the capital stock of Des Moines Waterworks Company, an Iowa corporation for pecuniary profit, which then owned and operated the waterworks system of

Des Moines. This certificate was signed by F. M. Hubbell, president, and A. N. Denman, secretary. It represented 1/240 of the total authorized capital stock of said corporation. Upon its receipt appellant inquired of Mr. Hubbell why the certificate had been sent him. According to appellant, Mr. Hubbell told him it was for his influence and assistance to get the City of Des Moines to buy the waterworks property, and that when this was sold, if it was sold, appellant would realize on such stock. Appellant testified the understanding was that appellant was not to get any money on the certificate unless the property was sold to the city. Not long after the foregoing transaction it was proposed that the city purchase the waterworks for $800,000. This proposal was voted upon at a special city election and was defeated. Appellant testified he assisted the Waterworks Company in the election and tried to help influence the city to buy the property.

The date of the next episode is 1907, about 10 years after said election. The Iowa corporation (Des Moines Waterworks Company) transferred the waterworks to a Maine corporation, named Des Moines Water Company, for a stated price of $1.00 and other valuable consideration. The record herein does not show the actual consideration. Prior to the time of this transfer Mr. Hubbell appears to have terminated his connection with the waterworks and thereafter appellant had no dealings with any of the private corporations interested in the waterworks or any officers or representatives thereof except that certain sales of merchandise were made by him to the waterworks company in the regular course of his business. Even before 1907, he had never exercised any of the rights of a stockholder, by attending meetings, etc., and apparently had no information as to the affairs of the corporation. He testified he knew of the property transfer in 1907, but did not know it was to a new company or that there was a new company in existence. Appellant explained he never made inquiry about dividends or other matters because, "There was nothing due me until the property was sold according to agreement."

In 1910, Des Moines Land & Water Company, also a Maine corporation, was organized and thereafter acquired certain real property used in connection with the waterworks.

The next chapter begins with the sale of the property to the city in 1919. In that year a special city election was held

at which the voters authorized the purchase of the waterworks from the two Maine corporations for about $3,500,000. Appellant testified he knew the offer had been made, assisted all he could and voted for the proposition at the special election. After this election, but before the sale was completed, it is appellant's story that he took the stock certificate in the old Iowa corporation to Mr. Byers, then city attorney, asked Byers to see that appellant got his share of the proceeds of the sale before the money was paid by the city to the Maine company, and that Byers said he would look after it. Shortly thereafter the sale was completed and the city has since possessed and operated said waterworks through its Board of Waterworks Trustees.

Apparently no money was withheld by the city for appellant and in 1923 he again delivered the stock certificate to Mr. Byers, as his attorney, for the purpose of collection from the Maine company. In 1924, Byers advised appellant he had written asking the book value of the stock and the basis on which they would take it up. It will be noted that the only stock ever held by appellant was the stock in the Iowa corporation received by him in 1896. Furthermore, this letter written by attorney Byers appears to have been the first contact ever had by appellant with the Maine company relative to his stock. Mr. Byers died shortly thereafter and the stock certificate was, in 1926, returned to appellant who took no further action upon it for more than 10 years. In 1937, this action in equity was instituted by appellant against the City of Des Moines, and the Board of Waterworks Trustees of said city, claiming an interest in the waterworks property, apparently 1/240 of the whole, and asking that such interest be established upon and enforced against the property, as an equitable lien or a trust in the nature of an equitable lien. Upon the trial the court denied recovery and dismissed plaintiff's cause of action, hence this appeal.

I. It is the theory of appellant that the transfer of the waterworks from the Iowa company to the Maine corporations resulted in said property being held in a trust ex maleficio in which he, as an alleged dissenting and non-included stockholder, was beneficiary and the Maine corporations trustees, and that the city took the property from the Maine corporations charged with notice of appellant's rights and interest therein and burdened with such trust. However, the factual situation

renders unnecessary the determination or discussion of the suggested legal propositions.

Appellant testified he advocated the purchase by the city and assisted in carrying the election authorizing the same. Not only did he assent to the sale but he also urged that the deal be made. Although he may have requested the city attorney to assist him in securing money from the Maine companies it does not appear that, prior to the institution of this suit, appellant ever disclosed to the city his claim to an interest in or lien upon the property itself. In the meantime the city held the election, paid the purchase price for the property and expended large sums for additions and improvements.

Under these circumstances he may not be heard to say, as against the city, that its grantors did not have good title to the property, that they were trustees ex maleficio or that the municipality took the property burdened with a trust for his benefit. Helwig, Admr., v. Fogelsong, 166 Iowa 715, 148 N. W. 990. It follows that appellant's claim is not enforceable against the city and its Board of Waterworks Trustees.

▮ II. Furthermore, appellant's cause of action is barred by the statute of limitations. For more than 30 years prior to this suit appellees and the Maine companies had held the record title to said property and under claim of ownership and color of title had been in open, notorious and exclusive possession thereof. At the time of the sale to the city appellant made no claim to an interest in the property, nor does such claim appear to have been made until this suit was commenced. According to his story he was, in 1919, asking Mr. Byers only that a part of the purchase price be withheld so that he might collect some amount for his stock. This was not done and it appears that not later than 1923, appellant terminated any efforts to have the city collect for him. In that year Mr. Byers, as attorney for appellant, took the matter up direct with the Maine companies. Certainly appellant then knew he would get nothing from or through the city. In 1926, after the death of Mr. Byers, the stock certificate was returned to appellant. Thereafter, more than 10 years elapsed before appellant gave the matter any further attention and this action was not brought until 1937. Clearly it was then barred by statute. Code of Iowa 1935, section 11007.

In view of the foregoing, other defenses urged by appellees

need not be considered. The decree of the district court is affirmed.—Affirmed.

All JUSTICES concur.